UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDEH SADEQI,<br><br>                             Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                            Respondents. | Case No.: 25-cv-2587-RSH-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

     Petitioner Hamideh Sadeqi seeks habeas relief from this Court pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, a citizen of Afghanistan, is detained by U.S. Customs and Immigration Enforcement ("ICE") at the Otay Mesa Detention Center in San Diego, California. *Id.* ¶ 3. The merits of the Petition have been fully briefed. As set forth below, the Court grants the Petition.

**I.    BACKGROUND**

     On October 1, 2025, Petitioner initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of her detention. ECF No. 1. Petitioner names as respondents the warden of the detention center, the Acting

Director of ICE's San Diego Field Office for Enforcement and Removal Operations, the Acting Director of ICE, the Secretary of the U.S. Department of Homeland Security ("DHS"), and the U.S. Attorney General.[1]

Petitioner alleges that on or about December 1, 2024, she applied for admission to the United States from Mexico at the Port of Entry in San Ysidro, California. *Id.* ¶ 14. At that time, she was taken into immigration custody. *Id.*

On December 12, 2024, an asylum officer interviewed Petitioner and determined that she had a credible fear of persecution if returned to Afghanistan. *Id.* ¶ 15.

On December 21, 2024, DHS issued to Petitioner a Notice to Appear, charging her with being removable as an arriving alien. *Id.* ¶ 16.

On January 28, 2025, Petitioner filed an application for asylum. *Id.* ¶ 19. Since that time, DHS has twice transferred her away from, and then back to, the Otay Mesa Detention Center; her individual merits hearing has been postponed more than once; and she states that her merits hearing was reassigned a different immigration judge. *Id.* ¶¶ 20–23. Her merits hearing ultimately began on August 26, 2025, but due to time restraints was not completed on that day, and has been continued to December 2, 2025. *Id.* ¶ 23.

Petitioner alleges that she is not removable in the reasonably foreseeable future, and on that basis contends that her continued detention without any consideration of bond violates her right to due process. *Id.* ¶ 34.

Respondents have filed a return. ECF No. 10. Petitioner has filed a traverse. ECF No. 11.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

---

[1] Although the Acting Director for the Executive Office for Immigration Review appears in the caption of the petition, she is not subsequently identified as a respondent in this case.

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.  ANALYSIS

The Parties do not dispute that Petitioner is detained pursuant 8 U.S.C. § 1225(b)(1)(B)(ii), which provides that noncitizens found to have a credible fear of persecution are subject to mandatory detention pending consideration of an asylum application. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum."). The sole issue presented is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

### A. Whether Petitioner Has a Due Process Claim

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), as an "arriving alien," Petitioner has no due process rights beyond those that Congress has provided. ECF No. 10 at 10–13. In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political department of the government" had plenary authority to admit or exclude aliens seeking initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40. Respondents argue that because Petitioner is likewise an "arriving alien," due process affords her nothing beyond the mandatory detention scheme established by Section 1225(b)(1). ECF No. 10 at 10–13.

///

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b)(1). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 669 (S.D. Tex. 2021) ("As far as Petitioner is concerned, whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 336 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and [] he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) …. 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (citing *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing. This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21,

2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").[2]

**B.      Whether Petitioner's Detention is Prolonged in Violation of Due Process**

Petitioner offers, as a framework for analyzing a due process challenge to prolonged detention, a six-factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. ECF No. 1 ¶ 35; *see Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019) (citing *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)); *accord Kydyrali*, 499 F. Supp. 3d at 773–74. Applying these factors, Petitioner argues that she has been detained since December 1, 2024 (a period now exceeding 11 months); that the specific delays in her asylum proceedings have been due entirely to Respondents, and not attributable to her; that her continued detention is harmful to her psychological heath; and that, whatever the outcome of her next merits hearing, she cannot be removed from the United States until her asylum

---

[2]      This Court ruled the same way on the same question, prior to the filing of the instant case. *See Gao v. LaRose*, No. 25-cv-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025).

application is adjudicated and an order of removal becomes final.[3] ECF No. 1 at 10–13. Petitioner urges that these factors, considered together, indicate that her detention without a bond hearing has become unduly prolonged.

Respondents argue that certain of Petitioner's assertions—including that any order of removal against her will not become final in the reasonably foreseeable future, and that her continued detention puts her mental health at risk—are conclusory and unsupported. ECF No. 10 at 16–17. Respondents also argue that Petitioner has failed to cite a case establishing that her length of detention is unduly prolonged; that is, the cases Petitioner cites have involved periods of detention longer than hers. *Id.* at 18–19. However, Respondents do not appear to offer their own analysis of the six *Banda* factors (aside from arguing that due process does not confer any rights beyond the statutory detention scheme) or offer any alternative framework for determining whether detention is prolonged. Although Respondents challenge some of Petitioner's assertions as conclusory, they do not contest her factual claim that all the delays and postponements in her case have been attributable to Respondents and not to her.

The Court agrees with Respondents that the length of Petitioner's detention to date— almost 12 months—does not by itself, without more, establish prolonged detention in violation of due process. But neither does that length of detention serve as a safe harbor or insulate Petitioner's case from constitutional review. Although Petitioner did not cite examples of district courts ordering a bond hearing where a petitioner was subject to mandatory detention for a comparable length of time, such examples abound, including

---

[3] Petitioner states that that her conditions of confinement "do not raise constitutional concerns." ECF No. 1 ¶ 40. Although Petitioner is not using her habeas petition as a means to challenge those conditions, for purposes of analyzing the *Banda* factors, courts in this district have found that conditions at the Otay Mesa Detention Center are "indistinguishable from penal confinement," and that this factor weighs in favor of petitioners' due process arguments of prolonged detention. *See Kydyrali*, 499 F. Supp. 3d at 773; *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025).

from this Court. *See, e.g.*, *Hoyos Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.") (collecting cases); *Tanoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period … qualifies as prolonged."); *Gao*, 2025 WL 2770633, at *5 ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention … approximately one year. District court have found shorter lengths of detention … without a bond hearing to be unreasonable.") (collecting cases).

For the reasons argued by Petitioner, the Court finds that Petitioner's detention for over 11 months without a bond hearing under the circumstances of this case—and absent meaningful rebuttal by Respondents of Petitioner's analysis—has become unreasonable and violates due process.

Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained under § 1226(c)).

### IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Respondents are directed to

arrange an individualized bond hearing for Petitioner before an immigration court within ***fourteen (14) days of this order*** as described above. All other relief sought in the Petition, including an order directing Petitioner's immediate release, is denied.

**IT IS SO ORDERED.**

Dated: November 12, 2025

_____
Hon. Robert S. Huie
United States District Judge